IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GEORGE S. PAULL,**<br>　　　　　**Plaintiff,**<br>　　**v.**<br>**KEMPER, INC., et al.,**<br>　　　　　**Defendants.** | No. 02-4461(CW) |

### DEFENDANTS' ANSWER

Now come the Defendants, Kemper Inc. aka t/a Kemper National Services, Inc. and W.W. Grainger, Inc. Claim Unit, aka t/a Integrated Disability Management ("Kemper") and W.W. Grainger, Inc. ("Grainger"), by their attorneys, and for their answer to the Amended Complaint of Plaintiff George S. Paull ("Plaintiff" or "Paull') state as follows:

　　1.　　Defendants on information and belief admit the allegations of paragraph 1 of the Complaint.

　　2.　　Defendants deny the allegations of paragraph 2 of the Complaint as stated. Answering further, Defendants state that Kemper National Services, Inc. ("Kemper") is a Florida corporation and wholly owned subsidiary of Lumbermens Mutual Casualty Company. Kemper is the claims administrator for Grainger's LTD plan.

　　3.　　Defendants admit that Defendant Grainger is an Illinois corporation and that Plaintiff formerly was employed by Grainger in the position of senior sales representative, but otherwise deny the allegations of paragraph 3 of the Complaint.

DC:202787.4

4. Paragraph 4 of the Complaint contains jurisdictional allegations as to which no response is required or appropriate. To the extent that it is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

5. Defendants admit that at the time Plaintiff filed the Amended Complaint no response had been filed to the Complaint filed on or about July 5, 2002. Paragraph 5 of the Complaint otherwise contains jurisdictional, procedural and legal allegations as to which no response is required or appropriate. To the extent that it is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

## COUNT ONE

6. Defendants incorporate by reference their responses to paragraphs 1 through 5 as if set forth in full herein.

7. Defendants admit that on August 18, 1991, Plaintiff was involved in an accident and was at the time a full time employee of Granger and that he had been employed by Grainger since 1979, but lack sufficient information to admit or deny the remaining allegations of paragraph 7 of the Complaint and therefore deny same.

8. Defendants deny the allegations of paragraph 8 of the Complaint

9. Defendants admit the allegations of paragraph 9 of the Complaint.

10. Defendants admit that as an employee of Grainger Plaintiff was eligible to receive certain long term disability benefits, but otherwise deny the allegations of paragraph 10 of the Complaint and affirmatively aver that Plaintiff received long term disability benefits for the period from March 4, 1992 through December 19, 2001.

11. Defendants admit that on or about November 20, 2001, Kemper notified Plaintiff that his long term disability benefits would be terminated as of December 20,

2001 because he no longer qualified for such benefits, but otherwise deny the allegations of paragraph 11 of the Complaint.

12. Defendants admit that by letter to Kemper dated January 17, 2002, Plaintiff filed a "Notice of Appeal" of the decision to terminate Plaintiff's long term disability benefits as of December 20, 2001, which was accompanied by various supporting documentation, but otherwise deny the allegations of paragraph 12 of the Complaint.

13. Defendants admit that by letter dated February 21, 2002, Kemper denied Plaintiff's appeal of the decision to terminate Plaintiff's long-term disability benefits as of December 20, 2001.

14. Defendants admit that by letter dated April 17, 2002, Plaintiff filed with Kemper a "Notice of Final Appeal (Administrative)" of the decision to terminate Plaintiff's long term disability benefits as of December 20, 2001, which was accompanied by various supporting documentation, but otherwise deny the allegations of paragraph 14 of the Complaint.

15. Defendants admit that on or about May 20, 2002, Kemper notified Plaintiff, through his attorney, that his appeal of the decision to terminate Plaintiff's long-term disability benefits as of December 20, 2001, was denied, but otherwise deny the allegations of paragraph 15 of the Complaint.

16. Defendants deny the allegations of paragraph 16 of the Complaint.

17. Defendants deny the allegations of paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint contains jurisdictional allegations as to which no response is required or appropriate. To the extent that it is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

## COUNT TWO

19. Defendants incorporate by reference their responses to paragraphs 1 through 18 as if set forth in full herein.

20. Defendants deny the allegations of paragraph 20 of the Complaint.

21. Defendants deny any allegations not affirmatively admitted.

22. Defendants deny that Plaintiff is entitled to any of the relief requested in the Complaint, or to any other relief.

## AFFIRMATIVE AND OTHER DEFENSES

In further answer to the Complaint, Defendant state the following affirmative and other defenses.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

All actions taken with respect to Plaintiff were taken in good faith.

## THIRD DEFENSE

Defendants did not act with willfulness or malice toward Plaintiff.

## FOURTH DEFENSE

The Court lacks subject matter and/or other jurisdiction over all or portions of the Complaint.

## **FIFTH DEFENSE**

Defendants' actions were not arbitrary or capricious.

## **SIXTH DEFENSE**

Defendants did not abuse their discretion.

## **SEVENTH DEFENSE**

Defendants reserve the right to assert additional affirmative or other defenses with regard to some or all of Plaintiff's claims.

WHEREFORE, Defendants request that the Complaint be dismissed in its entirety, with prejudice, and they be awarded their fees and costs and such other relief as the Court may deem appropriate.

> Respectfully submitted,
>
> EPSTEIN BECKER & GREEN, P.C.
>
> _____
> Frank C. Morris, Jr.
> Pa. I.D. No. 18188
> Brian Steinbach
> Epstein Becker & Green, P.C.
> 1227 25th Street, N.W., Suite 700
> Washington, D.C. 20037-1175
> (202) 861-1880
>
> Of Counsel:
>
> Henry Galatz
> W.W. Grainger, Inc.
> 100 Grainger Parkway
> Lake Forest, Illinois 60045-5201

Dated: October 2, 2002

5

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of Defendants' Answer was served this 2nd day of October, 2002 by first class mail, postage prepaid, on the following:

>Roger J. Harrington, Esq.
>Harrington & Caldwell, P.C.
>Robert Morris Building
>100 N. 17th Street, 15th Floor
>Philadelphia, PA 19103
>
>Attorney for Plaintiff
>
>_____